In Warren County Court they sued White, and declared upon a bond not making profert, because they alleged, it is part of a record of a suit in equity in the Circuit Court of that County. White pleaded, stating in his plea that the writing obligatory declared on had a condition in these words: "The condition of the above obligation is such that whereas the above-bound, John A. Wilson has prayed and obtained a bill of injunction to enjoin a judgment that the above-named Nichol and Ramsay obtained against him in the County Court of Warren County at the November session, 1813, of said court, for $714 with interest and costs. Now if the said injunction be dissolved, or if, on a final hearing of said bill in the County Court of Warren County sitting as a court of equity, the sentence or decree of said court shall be in favor of him, the said Wilson, then the above obligation to be void."c. And then he pleads that the said injunction was dissolved by the Circuit Court in May term. 1815, and this, c. The plaintiff replies, saying, the condition was broken in this: that the said J. A. Wilson hath not performed the decree or sentence of the Circuit Court of the County of Warren, and this, c. White demurred, and the plaintiff joined in demurrer, and by consent the cause was adjourned into the Circuit Court. The Circuit Court overruled the demurrer, and gave judgment for the plaintiff. The defendant appealed to this court, and assigned errors. And now the questions are, first, Can profert* be dispensed with, the bond declared on being part of the record? Secondly, how is the condition to be understood, *Page 258 
and will a dissolution of the injunction discharge the bond? Thirdly, is the interpretation which the law puts upon this bond different in a case of a surety from that of the principal obligor? First, no objection is made in proper time by the defendant, but he has pleaded setting forth the condition. Perhaps it is too late now to object for want of profert.
It is true that oyer can not be demanded of a record in general, 1 Term Rep. 150, but it still remains a question whether this bond be a record. It belongs to the obligee named in it, and may be demanded by him to be proceeded on in any other court. How else can it be tried on a plea of non est factum? But at this time it is too late to inquire into any defect on this score.
Secondly, as to the meaning of the condition, see 1 Douglass, 382; Ambler, 194; 2 Burr. 923; 6 East, 486; 9 Ves. 225; 4 Ves. Jr. 45, 51; 3 Burr. 1626; 2 Ves. Jr. 365. Words contrary to the evident meaning may be rejected, and words also may be supplied. And can it be supposed in the case before us for an instant that the obligors were to be discharged upon a dissolution of the injunction, when that was the very cause of requiring the bond at all; the very event provided against, together with the intermediate insolvency of the defendant at law which may have taken place in the interim? You shall give bond to pay in case of a dissolution, and shall be discharged in case of a dissolution, are direct contradictions, and the latter could not have been intended. The meaning is, if the injunction on hearing should not be dissolved, then the bond to be void. Or, if on hearing the decree shall be in favor of Wilson, then it should be void. The consequence is, that the Circuit Court ought to have given judgment as it did, and therefore that the judgment of the Court ought to be affirmed. As to the third point, we can not perceive any *Page 259 
difference of construction between the case of a surety and principal. The same sentence applicable to each in the same instrument, must mean the same thing precisely; not one thing in the case of one of them, and the direct contrary in the case of the other. Judgment affirmed
* NOTE. — The original word here was oyer, which I have changed to profert. — ED.